STATE

v.

William R. OWEN.

No. 96–431–CA.

Supreme Court of Rhode Island.

April 25, 1997.

Aaron L. Weisman, Andrea J. Mendes, Providence, for Defendant.

Paula Rosin, Paula Lynch Hardiman, Providence, for Plaintiff.

Before WEISBERGER, C.J., and LEDERBERG and FLANDERS, JJ.

## OPINION

PER CURIAM.

The defendant, William R. Owen, appeals his conviction on two counts of carrying a pistol without a license. We ordered both parties to appear and show cause why the merits of this appeal should not be summarily decided. After hearing the arguments of counsel and studying their memoranda, we perceive no cause for further briefing and argument and shall therefore decide the appeal at this time.

### Background

In the early morning hours of March 12, 1994, a Pawtucket police officer responded to a call that claimed defendant was violating a restraining order and creating a disturbance at the apartment of his former girlfriend. Upon the officer's arrival, he was informed that defendant had already left for his home and that he might be armed. The responding officer immediately notified the police dispatcher, who then relayed this information to all patrol units. As a result, the police lay in wait outside defendant's apartment. When a man matching defendant's description approached on his bicycle, the police ordered him to the ground, searched him, and plucked a .38 caliber handgun from his jacket and a .25 caliber handgun from his backpack. After a competency hearing a Superior Court justice declared that defendant was able to stand trial. Thereafter a jury heard the evidence and returned a verdict of guilty on both counts. On appeal defendant cites three reasons why we should reverse his conviction. We decline to do so and affirm the conviction.

### Competency to Stand Trial

■ The defendant first argues that both the competency-hearing justice and the trial justice erred in determining that he was competent to stand trial in light of his uncooperative behavior and his avowed belief that representatives from the State of Rhode Island were trying to infect him and his son by spraying their home with a liquid HIV virus. Although these facts certainly suggest that defendant's mental stability may have been questionable, his competency to stand trial has solid evidentiary support from the expert testimony in the record. *State v. Buxton,* 643 A.2d 172, 177 (R.I.1994).

■ For a court to permit an accused to be prosecuted criminally, "three things must be found: first, that defendant understands the nature of the charges brought against him; second, that defendant appreciates the purpose and object of the trial proceedings based thereon; and third, that defendant has the mental capacity to assist reasonably and rationally his counsel in preparing and putting forth a defense to the criminal charges of which he stands accused." *Id.* at 175 (quoting *State v. Cook,* 104 R.I. 442, 447, 244 A.2d 833, 835–36 (1968)).

During the course of the competency hearing a psychiatrist who had examined defendant testified that defendant understood the charges against him, knew the role of the various court officials, and was able to assist his counsel in the preparation of his defense. As a result the psychiatrist concluded that

defendant was competent to stand trial. Moreover, the record reveals that on one occasion during pretrial motion hearings defendant was conversing with his attorney in a voice audible to those in the courtroom. The trial justice noted that the conversations he overheard were "intelligent" and that defendant responded "appropriately" to questions posed by his attorney. When the trial justice admonished defendant to "keep your voice down so others cannot hear conversations between you and your lawyer," defendant complied.

We shall not disturb a trial justice's finding of competency unless we conclude there has been a clear abuse of discretion. The defendant has not persuaded us that any such abuse has occurred in this case. Moreover, because the evidence supports defendant's competency, his understanding of the court proceedings, and his ability to communicate with his attorney, we do not believe the trial justice erred in refusing to appoint a guardian ad litem. *Cf.* Article V, Rule 1.14(b), of the Supreme Court Rules of Professional Conduct ("[a] lawyer may seek the appointment of a guardian * * * only when the lawyer reasonably believes that the client cannot adequately act in the client's own interest").

### Denial of Defendant's Mistrial Motion

The defendant requested the trial justice to pass the case after the arresting police officer testified that the police broadcast warned of a subject "known to be armed or possibly armed." The defendant claims this testimony constitutes reversible error because the evidence only indicated that he *may* have been armed. We disagree. First, the officer's testimony in no way violated the trial justice's order that he refrain from testifying in regard to his prior dealings with defendant. Additionally, the defense could not possibly have been surprised by this testimony because the arresting officer testified similarly during the pretrial hearings. Moreover, defendant was not prejudiced by the officer's comment since the defendant himself later admitted that he was indeed armed. Thus the denial of the motion to pass the case was not erroneous.

### Refusal to Instruct on Necessity and Justification

Last, the defendant asserts that the trial justice erred in refusing to give jury instructions on the defense of necessity and justification. The defendant's claim of necessity was based on his fear that his firearms would be stolen if he did not carry them with him. Without deciding whether the defendant properly preserved this issue for appeal, we believe that the trial justice's decision rejecting this defense was proper. The defense of necessity or justification "can be asserted only by a defendant who was confronted with such a crisis as a personal danger, a crisis which did not permit a selection from among several solutions, some of which did not involve criminal acts." *State v. Champa*, 494 A.2d 102, 105 (R.I.1985) (quoting *United States v. Seward*, 687 F.2d 1270, 1276 (10th Cir.1982)). The defendant's fear that his firearms would be stolen if he did not carry them with him fails to satisfy this standard.

For the foregoing reasons we deny and dismiss the defendant's appeal. The judgment is affirmed, and the papers in this case are hereby remanded to the Superior Court.

BOURCIER, J., did not participate.